## Case No. 3,439.

CROUDSON et al. v. LEONARD.

[1 Cranch, C. C. 291.][1]

Circuit Court, District of Columbia. March Term, 1806.

INSTANTER OPINION OF COURT—SENTENCE OF FOREIGN COURT OF ADMIRALTY—CONCLUSIVENESS.

1. The court is not bound to give an opinion instanter, on the trial of a cause, but may direct the point to be saved by a special verdict.

2. A sentence of condemnation in a foreign court, is not conclusive.

At law. Assumpsit, on a policy of insurance on the cargo of the brig Fame, from Alexandria, to, at, and from Barbadoes, and four other ports in the West Indies, and back to Alexandria; captured by the British ship Centaur, and condemned at Barbadoes, by a British vice-admiralty court, for attempting to break the blockade of Martinique.

C. Lee, for plaintiffs, after stating that the law was not yet conclusively settled in the courts of the United States. upon the ques-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tion whether the sentence of a foreign court of admiralty was conclusive evidence of the fact of violation of the neutral character of the captured vessel, in an action upon a policy of insurance, moved the court to instruct the jury to find a special verdict, and cited the following authorities: Vin. Abr. p. 490, tit. "Trial," B; Reg. v. Bewdley, 1 P. Wms. 213; Ridg. 34; Harg. Co. Litt. 155b, note 5; 2 Morgan, Essays, 44; 3 Tuck. Bl. Comm. 376; Wilson v. Rucker, 1 Call, 500; Watson v. Alexander, 1 Wash. [Va.] 354; Picket v. Morris, 2 Wash. [Va.] 274; Syme v. Butler, 1 Call, 105, 112, 114.

Mr. Simms, for defendant, contra. The question has been long settled, and there is nothing in the case which requires an extraordinary proceeding. The plaintiffs, if they please, may ask the instruction of the court, and take their bill of exception, if the opinion of the court should be against them, or if the court should refuse to instruct the jury.

THE COURT stopped Mr. Lee, in reply, and said: The right of the party who requests the opinion of the court is not to have an opinion instanter. If the point is saved in any manner, it is all he has a right to require. If the court refuse to instruct the jury, but direct them to find a special verdict, by which the point of law will be saved, the court will be excused; and their refusal to give an opinion instanter will not be error. The court and bar must know that the question intended to be saved is not settled in this country. It has been decided differently by different courts. In Virginia it has been decided in one way, in New York in another. We think the fairest mode of saving the point is by a special verdict. It is least expensive and most expeditious, as the whole facts will be before the supreme court, and the judgment will be final. Dowman's Case, 9 Coke, 11b, 13a, and 14a.

THE COURT directed the jury to find a special verdict.

The plaintiffs then offered evidence to disprove the ground of condemnation alleged in the sentence of the vice court of admiralty at Barbadoes, to which the defendant objected; but the court overruled the objection, and the defendant took a bill of exceptions.

The jury, not being able to agree, were discharged, by consent of the parties, and the cause was continued over to the next term.

A special verdict was found at a subsequent term, upon which judgment was rendered for the plaintiff, which was reversed by the supreme court of the United States. [Croudson v. Leonard] 4 Cranch [8 U. S.] 434.

[NOTE. The only question arising on the special verdict was whether the sentence of the court at Barbadoes was conclusive as to an attempt to violate the blockade of Martinique.

[The reversal was upon the ground set forth in the opinion of Mr. Justice Johnson, that the sentence was conclusive evidence against the insured to falsify his warranty of neutrality.]